UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRANDON VERNON | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | C.A. No. _____ |
| | : | |
| ABLE EMPLOYMENT SERVICE CENTER | : | |
| Defendant. | | |

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Crown Energy Services, Inc. d/b/a Able Engineering Services, incorrectly named as Able Employment Service Center ("Defendant" or "Able"), by its attorneys, Nixon Peabody LLP, hereby removes the above-captioned action to the United States District Court for the District of Connecticut, and respectfully states as follows:

1.     This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), on the grounds that this Court has original diversity jurisdiction, and the amount in controversy exceeds $75,000.00.

2.     This action also includes claims for violation of Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. §2000, et seq.  Therefore, this Court also has original jurisdiction pursuant to 28 U.S.C. §1331.

3.     On or about October 7, 2019, a complaint in the above-captioned action was filed by the Plaintiff in the Superior Court of Connecticut, J.D. of Stamford/Norwalk at Stamford (the "State Court"), entitled *Brandon Vernon v. Able Employment Service Center Docket No. FST-CV-19-5022424-S.*  Plaintiff named the wrong defendant and never served the Summons and Complaint on Able.  On December 6, 2019, Plaintiff filed an Amended Complaint, again naming

4847-7800-7015.2

the incorrect party and failed to properly serve Able.  Plaintiff filed a writ of summons lacking a completed proof of service section.  Then, on April 1, 2021, again without effectuating proper service on Able, and without leave of court to do so, Plaintiff filed another Amended Complaint, naming the correct entity for the first time.  Finally, after obtaining leave of court, on April 13, 2021, Plaintiff filed the operative Amended Complaint and delivered a copy to Able's New York office via FedEx.  The action is now pending in Stamford/Norwalk Superior Court.

4.      Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as Exhibit A, all "processes, pleadings and orders" either filed with the State Court and/or served upon Able in this action to date.  There are no pending motions in the State Court action.

5.      Upon information and belief, at the time of commencement of this action, Plaintiff, Brandon Vernon was a resident of the City of Norwalk, State of Connecticut.

6.      At the time of commencement of this action, Defendant Able was organized under the laws of the California with a principal place of business in California.

7.      The Complaint alleges, *inter alia*, employment discrimination based on race, color, age and retaliation.  Plaintiff has demanded money damages against Defendant of at least $100,000.  Therefore, the amount in controversy exceeds $75,000.00.

8.      This Notice of Removal is being filed within 30 days after receipt by Defendant of notice of the Amended Complaint naming the correct Defendant, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).  See also Whitaker v. Am Telecasting Inc., 261 F. 2d 196, 202 (2d. Cir. 2001) (citing Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119

S. Ct. 1322 (1991)) (holding that the commencement of the removal period can only be triggered by formal service of process).[1]

9.    Pursuant to 28 U.S. C. § 1446(d), written notice of the filing of this Notice of Removal will be served promptly upon Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of Connecticut, J.D. of Stamford/Norwalk at Stamford.

10.    Defendant expressly reserves any and all defenses which may be available to it in this action.

11.    In accordance with this Court's Standing Order on Removed Cases, Defendant will file a signed statement setting forth the required information.  At the time of this filing, Defendant has simultaneously filed a Notice of Pending Motions in accordance with this Court's Standing Order on Removed Cases.

---

[1]    Able does not concede that Plaintiff has ever properly served it with the operative complaint.  Able does not waive its affirmative defenses with respect to service of process or personal jurisdiction.

WHEREFORE, Defendant prays that this action proceeds in this Court as an action properly removed thereto.

ABLE EMPLOYMENT SERVICE CENTER

By its Attorneys,

/s/ Jessica S. Jewell
Jessica S. Jewell (29267)
Armand E. Batastini (29215)
Nixon Peabody LLP
One Citizens Plaza, Ste. 500
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030
Email: jsjewell@nixonpeabody.com
abatastini@nixonpeabody.com

Dated:  May 3, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2021, I filed and served this document electronically through the Court's CM/ECF system, and via regular mail and certified mail, return receipt requested, to:

Brandon Vernon
31 Hawthorne Drive
Norwalk, CT 06857

/s/ Jessica S. Jewell
Jessica S. Jewell, Esq.

# <u>EXHIBIT A</u>

4847-7800-7015.2