UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Brandon Vernon | : |
| | : |
| Plaintiff, | : No. 21-cv-606-VLB |
| | : |
| v. | : |
| | : July 19, 2021 |
| Able Employment Service Center[1] | : |
| | : |
| Defendant. | : |
| | : |

**MEMORANDUM OF DECISION REMANDING CASE**

This action, which was originally filed in the Connecticut Superior Court by Plaintiff in October 2019, comes before this Court after Defendant filed for its removal from state court on May 3, 2021. Defendant asserts that removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because this Court has original diversity jurisdiction, the amount in controversy exceeds $75,000, and the notice of removal was filed within 30 days of Defendant receiving service of the state action. Plaintiff filed a statement that the Court interprets to be an objection to removal.[2] [Obj., Dkt. 15]. In Plaintiff's objection, he argues he did effectuate proper service upon Defendant of the original complaint because (1) the original complaint

---

[1] Defendant has most forcefully identified itself as "Crown Energy Services, Inc. d/b/a Able Engineering Services" [Dkt. 1-5 at n.1; Dkt. 20 at n.1] but has also used the name Able Employment Service Center in multiple signature blocks [Dkt. 1 at p.4; Dkt. 1-5]. For the purpose of this decision, the Court will recognize Defendant as Crown Energy Services, Inc. d/b/a Able Engineering Services.
[2] The Court liberally construes Plaintiff's pleadings because Plaintiff is a self-represented (also known as *pro se*) party. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'").

1

was served upon Able Employment Services, which is one of Defendants many fictitious names that it uses to shield its identity and (2) Plaintiff used this name in his Commission on Human Rights and Opportunities ("CHRO") complaint that Defendant received and responded to. The Court ordered Defendant to show cause as to why the case should not be remanded in light of Plaintiff's objection and evidence that tended to show that Defendant had actual notice of the state court action well before the 30 days prior to removal. Defendant responded as outlined below.

After reviewing the pleadings, the Court finds that the case must be remanded.

I. BACKGROUND

The original underlying complaint ("Original Complaint") was filed in the Connecticut Superior Court on October 7, 2019. [Dkt. 1-1]. The Original Complaint lists the defendant as "Able Employment Service Center, 708 3rd Ave, Suite 1100, New York, NY 10017." [*Id.*]. Thereafter, on October 16, 2019, a return of service was filed with the Superior Court showing that a constable sent the Original Complaint via United States Postal Service ("USPS") certified mail to "ABLE EMPLOYMENT SERVICE CENTER, 708 THIRD AVENUE, 1100, NEW YORK, NY 10017-4112." [State Case at Entry No. 100.30]. Then, on October 26, 2019, a supplemental return of service was filed with a signed USPS certified mail receipt dated October 18, 2019 at the address provided above. [State Case at Entry No. 102.00].

Thereafter, Plaintiff filed an amended complaint then motion for default judgment, which appear to have been served on "Able Employment Service Center, 708 3rd Ave, New York, NY 10017." [State Case at Entry Nos. 104.00, 117.00]. The Superior Court granted default and awarded damages. [State Case at Entry Nos. 109.01, 115.00].

Shortly after the entry of default judgment and the award of damages, Defendant began to participate in the state court litigation. They first filed a motion to open default on February 18, 2021. [State Case at Entry Nos. 117.00, 118.00]. Defendant's motion to reopen default judgment argues that:

> '[r]easonable cause' exist[ed] to reopen [the default judgment,] as: (1) less than four (4) months have elapsed since entry of Default Judgment; (2) service of the initial complaint was faulty, as it was served on an incorrect party; (3) Defendant did not receive service of the Amended Complaint, as shown by the incorrect addressee on the Certificate of Service, in violation of P.B. § 10-12(c); (4) Defendant did not receive service of the Motion for Entry of Default Judgment, in violation of P.B. § 10-12(b)(; and, (5) Defendant has several meritorious defenses to the underlying claim.

[State Case Entry No. 117]. On April 13, 2021, the Superior Court summarily granted the motion to open without articulating on what basis it believed reopening was appropriate. [State Case at Entry No. 117.02]. On May 3, 2021, Defendants removed the Superior Court case to this court. [Dkt. 1].

On May 26, 2021, Plaintiff filed a document entitled "Statement," where he states "[P]laintiff found [the name of the defendant on the original complaint] on Google with an office associated to the defendant." [Dkt. 15]. Further, Plaintiff states that "[o]n April 13, 2021, Dawn Short testimony revealed that the parent company Crown Energy Services goes by several fictious different names which

3

would make it difficult for the plaintiff to correctly file the suits against the correct name." [*Id.*].  Also, Plaintiff states that he "filed a case with the CHRO (Commission of Human Rights and Opportunities) in 2019 prior to filing a civil suit under the name Able Employment Service Center which the defendant responded and never informed the plaintiff or the CHRO of misspelling the defendants name."  [*Id.*].

On June 3, 2021, the Court issued the following order:

> **ORDER for Defendant to SHOW CAUSE within 14 days of this order as to why this action should not be remanded for failure to timely remove pursuant to 28 U.S.C. § 1446(b)(1). The Court interprets 15 Plaintiff's recent filing as an objection to removal, in which he claims that Defendant participated in the CHRO action without claiming or otherwise informing Plaintiff of Defendant's full legal name. Defendant is to show cause as to whether they received actual notice of the state court action more than 30 days prior to removal in light of the evidence showing (1) that they were on notice that Plaintiff identified them as Able Employment Services Center in the CHRO action and Defendant did not object;** *See* **Dkt. 15; and (2) the signed certified mail receipt filed in the Superior Court action showing that someone at Defendant's address accepted service for "Able Employment Service Center" of the original complaint approximately two years before removal;** *Vernon v. Able Employment Service Center*, **FST-CV-19-5022424-S, Dkt. 102.00 (Conn. Super. Ct. Oct. 28, 2019).**

[Dkt. 17].

Defendant filed a response to the Court's order to show cause.  [Response, Dkt. 20].  In the response, Defendant explained that the CHRO action did list it as "Able Employment Service Center" and Defendant did respond to that complaint, however its response listed the correct name as Able Engineering Services" in the signatory block.  [*Id.* at ¶ 2].  Defendant states it has never done business as Able Employment Service Center.  [*Id.* at ¶ 3].  Defendant states that the original complaint was never properly served upon Defendant because it was mailed certified mail and, under Connecticut Law, certified mail service upon foreign

4

corporations is not permitted in this case because it has a registered agent in the State of Connecticut.  [*Id.* at ¶¶ 6–7 (citing to Conn. Gen. Stat. § 33-929(b)]. Defendant further provides that the post-original complaint filings were also not properly served because Plaintiff did not provide a proof of service or Plaintiff sent the subsequent filings to a completely different entity.  [*Id.* at ¶¶ 10–11].  However, Defendant's response does not address whether Defendant received actual service of the original complaint though ordered to do so.  Further, Defendant's response does not address the evidence showing that someone at the Defendant's address accepted the original complaint in 2019.

## II.     LEGAL STANDARD

Title 28 of the United States Code section 1446(b)(1) provides that:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The removal period does not begin to run until the defendant is officially served. *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 201–02 (2d Cir. 2001) (citing to *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349 (1999)).  The Supreme Court has explained that the time for removal begins when "one becomes a party officially, and is required to take action in that capacity" and this process begins "only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros.*, 526 U.S. at 350.

**III.    DISCUSSION**

The issue here is whether removal is timely. This issue turns on whether Defendant received official service in October 2019 when the original complaint was filed. Defendant argues that service of the original complaint was defective because the name of defendant was incorrect. The name listed on the original complaint was "Able Employment Services Center" and Defendant claims its official name is "Crown Energy Services, Inc. d/b/a Able Engineering Services."

Federal Court's considering whether removal is untimely due to naming defects have uniformly held that technical defects that otherwise comply with service requirements do not toll the removal period. For example, in *Brown v. New Jersey Manufacturers Insurance Group*, 322 F. Supp. 2d 947 (M.D. Tenn. 2004), the Middle District of Tennessee addressed a case where a defendant sought removal of an action filed approximately a year earlier. The defendant argued that it was never properly served because the complaint improperly named the defendant and thus the removal was not untimely. The court rejected the defendant's argument because it appeared likely that the defendant actually received notice of the original complaint, notice of the original complaint was sent to the correct address, the defendant held itself out as having several different companies, and there was an absence of a clear claim that the defendant did not actually receive the original complaint. *Id.* at 952–53. *See also In re Pharm. Indus. Average Wholesale Price Litigation*, 307 F. Supp. 2d 190, 196 (D. Mass. 2004) ("Technical defects in the forms of the summons and the complaint do not invalidate an otherwise proper and successful delivery of process under Fed. R. Civ. P. 4.").

**Whether service of process was proper requires consideration of the service rules in the state where the action was brought, which here is Connecticut. See C.W. v. Estate of Rockefeller, No. 20-cv-2205(VSB), 2020 WL 5658702, at \*3 (S.D.N.Y. Sept. 23, 2020) (collecting cases). Connecticut case law provides that mere misnomers do not rid the court of jurisdiction. See Andover Ltd. P'ship I v. Bd. of Tax Rev. of Town of W. Hartford, 232 Conn. 392, 398 (1995) ("When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant."); Ryan v. Cassella, 180 Conn. App. 461 (2018) (holding that trial court properly granted motion to correct a misnomer in defendants name and denied defendant's motion to reopen judgment).**

**The Connecticut Supreme Court has adopted a three factor test in determining whether the defect was a mere misnomer: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice." Andover Ltd. P'ship I, 232 Conn. at 397.**

**Here, the Court finds that the naming defect was a mere misnomer for the following reasons. First, the evidence tends to show that Defendant had actual notice of institution of the state court action well before 30 days prior to removal. Though Defendant was directly and explicitly ordered by this Court, consistent with**

Rule 1 of the Federal Rules of Civil Procedure, to identify "whether they received actual notice of the state court action more than 30 days prior to removal," Defendant defied this Court by refusing to comply with its order.  The Court draws a reasonable inference from the complete failure to respond to this inquiry that it is in fact true that Defendant received actual notice before 30 days prior to removal.  In addition, evidence tends to show that someone at Defendant's mailing address accepted certified service of the complaint based on the signed return certified mail receipt that was filed in the state case in 2019.  Further, Defendant had previously received and responded to mailings addressed to Able Employment Services Center at the address the initial pleading was sent to, evidenced by its response to the CHRO action.  This shows Defendant did receive official notices when sent to the name and address that Plaintiff sent the Original Complaint to.  Defendant's general claims that it did not receive notice of *subsequent* pleadings, such as the amended complaint, is of no consequence, first because it failed to file an appearance in a case in which it knew it was a defendant and  second because the time for removal is governed by service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  § 1446(b)(1).  Thus, the Court finds that Defendant had actual notice of the institution of the state court action back in 2019.

Second, the Court finds that Defendant knew or at the very least should have known that it was the intended defendant in the action.  This is found based on Defendant's participation in the CHRO action even though the named defendant in the CHRO complaint is the same defendant named in the state court action.

**Defendant's claim that it did provide the correct name to Plaintiff in the signature block of its answer to the CHRO action is not important for this consideration. Defendant, by responding to the claim and not explicitly seeking a name correction or some affirmative action to correct the name in the CHRO action, is in essence an acquiescence to the use of the name for the sake of service.  Further, the differences between the two names are minor: Able Employment Service Center and Able Engineering Services.  The names are not so different to justify a reasonable person being confused.  Thus, the Court finds that Defendant knew or should have known that it was the intended defendant in this action.**

**Third, the Court finds that Defendant was not misled to its prejudice. Defendant has made no showing that It was in any way misled to its prejudice.  To the contrary, the evidence tends to show that Defendant tried to take advantage of Plaintiff's minor naming error in an attempt to avoid litigating the underlying action. Defendant only engaged when it was clear that Plaintiff was entitled to damages based on his allegations. This type of gamesmanship has no place in any court of law including federal court under the guise of removal.**

**To the extend Defendant is trying to argue that the Superior Court found service was improper due to the naming defect, the Court rejects the argument. This is because Defendant asserted 5 bases for reopening the default and only one was based on the purported improper service.  The Superior Court's decision does not articulate what basis it relied upon in granting the motion to reopen.  There is nothing in the record that shows the Superior Court found service was defective.**

Lastly, to the extent Defendant argues that service was also defective because it was mailed via certified mail, such argument fails. Defendant is correct that Connecticut General Statute section 33-929(b) provides that service of process may be accomplished against foreign corporations via certified mail when that corporation does not have a registered agent in the state; which Defendant does. However, that statute explicitly provides that: "This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation." Conn. Gen. Stat. § 33-929(h). Defendant has presented no other argument aside from misnomer in claiming service was defective.

Therefore, the Court finds that removal was untimely because Defendant removed this case well outside of 30 days after receipt of a copy of the initial pleading setting forth the claim for relief upon which the underlying action is based. The case is to be remanded back to state court.

IT IS SO ORDERED.

                                                /s/
                                      Hon. Vanessa L. Bryant
                                      United States District Judge

Dated this day in Hartford, Connecticut: July 19, 2021.